UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**TIMOTHY BRIAN JACKSON**                                                                      **PLAINTIFF**

v.                                                                      **CIVIL ACTION NO. 5:21-CV-105-TBR**

**CARRIE OVEY WIGGINS et al.**                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Timothy Brian Jackson, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff names as Defendants County Attorney Carrie Ovey Wiggins and retired Cadiz City Police Resource Officer Franklin Pollard. He states that the basis for federal jurisdiction is 42 U.S.C. § 1983 and 18 U.S.C. § 242. He alleges that he was arrested for terroristic threatening after sharing an internet meme; that he was held for excessive bond for a week; and that he was indicted with no evidence of a crime. Plaintiff alleges that Defendant Wiggins "struck down" two of his dismissal motions and tried to intimidate him into taking a plea deal. He also alleges that Defendant Pollard lied to get a warrant and had no probable cause.

### II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. 18 U.S.C. § 242*

Section 242 is a statute concerned with federal crimes. "[A]s a private citizen, [Plaintiff] has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). In addition, the Sixth Circuit has specifically held that § 242 does not create a private cause of action. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).

The Court will dismiss this claim for failure to state a claim upon which relief may be granted.

*B. Defendant Wiggins*

Plaintiff's claim against the prosecuting attorney relates to her conduct in her role as an advocate. However, a prosecuting attorney acting in her role as an advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Rouse v. Stacy*, 478 F. App'x 945, 951 (6th Cir. 2012) ("[I]t is beyond question that a prosecutor's plea bargaining activities, regardless of motive, warrant absolute immunity."); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand

jury). This claim will be dismissed for seeking relief from a Defendant who is immune from such relief.

*C. Defendant Pollard*

Plaintiff alleges that Defendant Pollard lied to get a warrant and had no probable cause. However, Plaintiff filed a complaint against Defendant Pollard making the same allegation about the same arrest in an earlier case filed in this Court, *Jackson v. Pollard*, 5:20-cv-41-TBR, and Plaintiff's claim against Defendant Pollard has been allowed to continue past initial screening in the earlier filed case. In fact, in that case, Plaintiff has filed a motion to consolidate this case with that one. Because the identical claim is ongoing in the earlier filed case, *Jackson v. Pollard*, 5:20-cv-41-TBR, the Court will dismiss Plaintiff's claim against Defendant Pollard in this case without prejudice to it continuing in the previously filed case.

### III.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: December 27, 2021

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
4413.009